**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN WESLEY PHILLIPS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-1418-M** |
| | ) | |
| **DAVID C. MILLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).   For the following reasons, it is recommended that the petition be dismissed upon filing.

## BACKGROUND

Petitioner identifies his 1994 conviction for driving under the influence ("DUI") in Kay County case number CF-94-054 as the conviction under attack.  Petition, p. 1.[1]  In that case, Petitioner pled guilty to a DUI (second) charge and was sentenced to 3 years'

---

[1] Citations to page numbers of the petition refer to the handwritten page numbers found on the bottom of each page rather than the pre-printed page numbers in the upper right corner of each page.

probation.  Id.[2]  Petitioner did not appeal the DUI conviction or sentence, which fully expired on August 21, 1997.[3]

Subsequently, Petitioner was convicted of domestic assault and battery in 1999 and first-degree rape in 2001.   Kay County Nos. CF-99-608, CF-01-566, Docket. Petitioner's DUI and domestic assault and battery convictions were used to enhance punishment for the rape conviction.  Phillips v. Miller, No. CIV-05-1296-M, Report and Recommendation, pp. 20-22 (W.D. Okla. Apr. 19, 2006) (unpublished).   Petitioner has been incarcerated at the Lawton Correctional Facility, serving an 80-year sentence for the rape conviction, since 2003.  Kay County No. CF-01-566, Docket.

After unsuccessfully appealing the rape conviction and seeking post-conviction relief in state court, Petitioner filed a habeas corpus action in this Court seeking relief from the rape conviction.  Case No. CIV-05-1296-M.  One of the grounds for relief alleged in that action, which was referred to the undersigned, argued that the punishment for the rape conviction was invalid because it was enhanced by the unconstitutionally obtained DUI conviction.  Because Petitioner attacked the validity of the DUI conviction in the petition seeking relief from the rape conviction, the undersigned liberally construed it to

---

[2] Petitioner has not attached any supporting documentation to his petition as proof of his claims. Petitioner contends that a Lawton Correctional Facility employee lost documents relating to his pursuit of post-conviction relief in the Oklahoma state courts. Pet., pp. 6-16.  The undersigned has judicially noticed documents filed with the Clerk of this court, dockets of the Tenth Circuit Court of Appeals, state court opinions, and the dockets of the Oklahoma state courts (available through the Oklahoma State Courts Network at http://www.oscn.net/applications/oscn/start.asp) to assist with ascertaining the facts surrounding this petition.

[3] Information obtained through use of the Oklahoma Department of Corrections Offender Lookup Internet site, last accessed February 13, 2007, available at: http://docapp8.doc.state.ok.us /servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=228124&offender_book_i d=119704.

find that federal jurisdiction over the claim attacking the DUI conviction existed. Phillips, No. CIV-05-1296-M, Rept. and Rec., pp. 20-22.   However, the undersigned concluded that the DUI conviction was conclusively valid and could not be collaterally attacked under the facts alleged.   The undersigned did not find any merit in the other claims presented in the petition for § 2254 relief from the rape conviction and recommended that it be denied.   Id. at 22.

During the pendency of that federal habeas litigation attacking the rape conviction, Petitioner initiated state post-conviction proceedings challenging the DUI conviction. Id. at 21 n.4; Kay County No. CF-94-054, Docket.   In July of 2006, the Oklahoma Court of Criminal Appeals determined that Petitioner was not entitled to post-conviction relief from the DUI conviction.   Phillips v. State, No. PC-2006-413 (Okla. Crim. App. July 7, 2006) (unpublished).   One month later, Judge Miles-LaGrange adopted the undersigned's Report and Recommendation concerning Petitioner's action for § 2254 relief from the rape conviction.   W.D. Okla. No. CIV-05-1296-M, Order, p. 1 (Aug. 8, 2006).   Petitioner's appeal from the Court's order denying relief is currently pending before the Tenth Circuit Court of Appeals.   See 10th Cir. case no. 06-6292, Docket.

Thereafter, Petitioner filed this action seeking § 2254 relief from the DUI conviction and a separate action seeking § 2254 relief from his domestic assault and battery conviction. The Court referred Petitioner's suit attacking the domestic assault and battery conviction to United States Magistrate Judge Bana Roberts.   W.D. Okla. No. CIV-06-1414-M, Order, p. 1. (Dec. 22, 2006).

<u>DISCUSSION</u>

A writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254 (2000); <u>see</u> <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 401 (2001).  The "in custody" requirement is jurisdictional.  <u>Foster v. Booher</u>, 296 F.3d 947, 949 (10th Cir. 2002).  Therefore, in order for jurisdiction over a habeas petition to exist, the petitioner must be "in custody" at the time the petition is filed pursuant to the conviction or sentence under attack. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam).

Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction do not render an inmate "in custody" pursuant to that conviction, even if the conviction is used to enhance punishment for a later conviction under which the inmate is confined at the time a habeas petition is filed.  <u>See</u> <u>id.</u> at 492-93.  Therefore, a habeas petitioner may not bring an attack directed solely at a conviction whose sentence has fully expired.  <u>Coss</u>, 532 U.S. at 401.

But if a pro se litigant serving a sentence enhanced by an expired conviction files a petition for habeas relief from the expired conviction which, if construed liberally and with the deference to which pro se litigants are entitled,[4] can be read as an attack on the

---

[4] Liberal construction of pleadings requires courts to hold pro se litigants' pleadings to a less stringent standard than those drafted by an attorney. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not the proper function of the district court to assume the role of advocate for a pro se litigant. <u>Id.</u> Instead,

> [T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the [pro se litigant] could prevail, it should do so despite the [pro se litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

<u>Id.</u>

conviction under which the petitioner is presently confined, the petitioner is sufficiently "in custody" for the court to have jurisdiction over the claim. <u>Coss</u>, 532 U.S. at 402-403; <u>Carthen v. Workman</u>, No. 04-6205, 121 Fed. Appx. 344, 346 (10th Cir. Feb. 1, 2005) (unpublished) (explaining law regarding federal courts' jurisdiction to hear § 2254 petitions attacking expired convictions).[5] In such circumstances, "the petitioner's current incarceration satisfies the 'in custody' requirement and jurisdiction attaches even when the petitioner has identified the expired conviction as the one under attack." <u>Carthen</u>, 121 Fed. Appx. at 346.

The sentence for Petitioner's DUI conviction under attack in this action fully expired on August 21, 1997. Thus, even though the DUI conviction was used to enhance punishment for the rape conviction under which Petitioner is currently confined, he is no longer "in custody" pursuant to the DUI conviction. <u>See</u> <u>Maleng</u>, 490 U.S. at 492-93.

When construed liberally and with the deference to which Petitioner is entitled, the petition considered here cannot be read as an attack on the rape conviction as enhanced by the DUI conviction. First, Petitioner explicitly identifies the DUI conviction as the judgment under attack. Admittedly, this alone does not prevent the petition from being construed as one actually attacking the rape conviction as enhanced by the DUI conviction. <u>See</u> <u>Carthen</u>, 121 Fed. Appx. at 346. However, Petitioner explains that he is currently attacking the rape conviction as enhanced by the DUI conviction in a separate action - his appeal now pending before the Tenth Circuit Court of Appeals. Second, in his supporting brief, Petitioner only advances arguments attacking the validity

---

[5] This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

of the DUI conviction.  All of the claims are directed at either the proceedings leading to the DUI conviction or the collateral attack on that conviction in state court.  Petitioner's only reference to the rape conviction appears in his response to a question inquiring about the existence of a "future sentence to serve after you complete the sentence for the judgment that you are challenging[.]" Petition, p. 17-18.  There is nothing in the Petition which can be reasonably read to state an attack on the rape conviction as enhanced by the DUI conviction.        Petitioner's sentence for the DUI conviction expired nearly a decade ago in 1997.  Therefore, Petitioner is not "'in custody" pursuant to the DUI judgment of conviction under attack and the undersigned recommends that the petition be dismissed for lack of jurisdiction upon filing.  See Maleng, 490 U.S. 492-93.

## RECOMMENDATION

For these reasons, the undersigned recommends that the petition for writ of habeas corpus [doc. no. 14] be **DISMISSED** upon filing for lack of jurisdiction.  In light of the foregoing recommendation, Petitioner's motion for appointment of counsel [doc. no. 9] and motion for extension of time to amend and supplement pleadings [doc. no.  15] are **DENIED**.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 18, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th

Cir. 1991).   This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 26th day of February, 2007.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE